**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CRYSTAL ROSE MENDEZ,<br><br>　　　　　　　　Defendant. | 3:15-cr-00052-LRH-VPC<br><br><u>ORDER</u> |

Before the court is petitioner Crystal Rose Mendez's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 29. The United States filed a response (ECF No. 32), but Mendez failed to reply. Because Mendez was not sentenced under the Armed Career Criminal Act ("ACCA") or under a federal statute or sentencing guideline that incorporates a crime-of-violence definition, the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) is inapplicable to her sentence. The court will therefore deny her motion and deny her a certificate of appealability.

**I.　Background**

On August 11, 2015, Mendez, pursuant to a plea agreement with the United States, pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). ECF Nos. 17–18. On October 26, 2015, this court sentenced her to 71 months of imprisonment. ECF Nos. 25–26.

///

///

## II. Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b).

## III. Discussion

### A. Mendez is not entitled to relief

Mendez argues that she is entitled to relief under *Johnson v. United States*. There, the U.S. Supreme Court ruled that a portion of the ACCA's violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness"). *Johnson*, 135 S. Ct. at 2557. The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g), such as being a felon in possession of a firearm under § 922(g)(1). 18 U.S.C. § 924(e). Normally, a defendant convicted of unlawful possession of a firearm may be sentenced to a statutory maximum of 10-years' imprisonment. *Id.* § 924(a)(2). However, if a defendant has three prior convictions that constitute either a "violent felony" or "serious drug offense," the ACCA enhances the 10-year maximum sentence to a 15-year minimum sentence. *Id.* § 924(e)(1).

The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255. *See, e.g., United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667, at *1 (D. Nev. Jan. 3, 2017).

Moreover, *Johnson* has also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines ("U.S.S.G.") that incorporate a "crime-of-violence"

2

definition that includes a residual clause similar or identical to the ACCA's. Although some of these issues are currently being litigated, the Supreme Court ruled several weeks ago that, unlike the ACCA, the U.S. Sentencing Guidelines are not subject to void-for-vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886 (2017). Thus, even if a defendant was sentenced under a guideline that incorporates a crime-of-violence definition, she has no basis for relief under *Johnson*.

Here, Mendez was convicted of being a felon in possession of a firearm under section 922(g)(1). However, the United States never argued that she was an "armed career criminal" under the ACCA, and the statute therefore did not affect her sentence. *See* ECF Nos. 1, 18, 26.

In accordance with Mendez's Presentence Investigation Report ("PSR"), the court did calculate her sentencing range based in part on U.S.S.G. § 2K2.1(a)(4)(A), which sets a base-offense level of 20 points if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of *either* a crime of violence *or* a controlled substance offense . . . ." *See* ECF No. 18 at 6. However, the PSR made clear that the application of this sub-section was based on Mendez's 2011 Nevada controlled-substance conviction rather than on a crime of violence. The court therefore did not apply the crime-of-violence definition in calculating her sentencing range. And even if this were not the case, *Beckles* precludes such a guideline from serving as a basis of relief under *Johnson*. Accordingly, the court will deny Mendez's motion.[1]

**B.     The court will deny Mendez a certificate of appealability**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The

---

[1] The United States has also argued that Mendez's instant motion is barred because she was sentenced after the Supreme Court decided *Johnson* and thus procedurally defaulted by not raising these arguments before or at her sentencing. ECF No. 32 at 3. The United States also contends that Mendez waived her right to collaterally challenge her sentence in her plea agreement and that her instant motion is thus barred. *Id.* (citing ECF No. 18 at 11–12). Because the court has already found that Mendez is not entitled to relief, it need not reach these issues.

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

As discussed above, *Johnson v. United States* is inapplicable to Mendez's sentence, and she has therefore failed to make any showing of a denial of a constitutional right. The court will therefore deny her a COA.

### IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Crystal Rose Mendez's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (ECF No. 29) is **DENIED**.

IT IS FURTHER ORDERED that Mendez is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that Mendez's motion to appoint counsel (ECF No. 30) is **DENIED as MOOT**.

IT IS SO ORDERED.

DATED this 4th day of May, 2017.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE